**UNITED STATES of America,
Appellee,**

v.

**Roz Ben ZVI, Defendant–Appellant.**

No. 01–1011.

United States Court of Appeals,
Second Circuit.

Dec. 6, 2001.

Alexander G. Bateman, Jr., Ruskin, Moscou, Evans & Faltischek, Mineola, NY, for appellant.

Peter A. Norling, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for appellee.

Present OAKES, KEARSE and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Roz Ben Zvi ("Ben Zvi") appeals from a new judgment entered in the United States District Court for the Eastern District of New York, Thomas C. Platt, *Judge,* on remand following the resolution of the appeal from his conviction, *see United States v. Ben Zvi,* 168 F.3d 49, 61 (2d Cir.) (*"Ben Zvi I"*), *cert. denied,* 528 U.S. 872, 120 S.Ct. 176, 145 L.Ed.2d 148 (1999). In *Ben Zvi I,* which encompassed appeals by Ben Zvi and his sister

Luiz Ben Zvi ("Luiz"), this Court (a) reversed, on statute-of-limitations and multiplicity grounds, both defendants' convictions on certain counts of domestic and international money laundering; (b) left standing, *inter alia*, Ben Zvi's convictions on one count of conspiring to commit wire fraud, international money laundering, and tax fraud in violation of 18 U.S.C. § 371, two counts of international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(i), and two counts of tax fraud in violation of 26 U.S.C. § 7206(1); and (c) remanded for resentencing on the unreversed counts. On resentencing, the district court sentenced Ben Zvi principally to 120 months' imprisonment, to be followed by a three-year term of supervised release, and ordered him to pay restitution in the amount of $6,624,512. On this appeal, Ben Zvi contends (1) that his prosecution on the two unreversed international money laundering counts was barred by the statute of limitations; (2) that his money laundering convictions should be reversed as a result of material false testimony; (3) that the district court erred in increasing his Sentencing Guidelines ("Guidelines") offense level on the ground that he played a leadership role in the offense; and (4) that the court erred in taking into account amounts alleged in the time-barred money laundering charges when it sentenced him on the timely counts. For the reasons that follow, we conclude that the appeal lacks merit, and we affirm the judgment of the district court.

 Ben Zvi's first two contentions are barred by the mandate rule. That principle "compels compliance [by the district court] on remand with the dictates of the superior court and forecloses relitigation of issues expressly or *impliedly* decided by the appellate court." *United States v. [Luiz] Ben Zvi*, 242 F.3d 89, 95 (2d Cir.2001) ("*Luiz Ben Zvi*") (internal quotation marks omitted) (emphasis in *Luiz Ben Zvi*); *see, e.g., United States v. Fernandez*, 506 F.2d 1200, 1202–03 (2d Cir.1974). Thus, where an appellate court has already fully considered the underlying merits of a conviction and has remanded merely for resentencing, the trial court generally is foreclosed from reconsidering the merits of the conviction. *See Luiz Ben Zvi*, 242 F.3d at 95. The mandate rule also bars the district court from revisiting an issue that could have been, but was not, raised in the initial appeal. *See, e.g., United States v. Stanley*, 54 F.3d 103, 107 (2d Cir.), *cert. denied*, 516 U.S. 891, 116 S.Ct. 238, 133 L.Ed.2d 166 (1995).

Our mandate in *Ben Zvi I* stated that "[w]e remand the case to the district court to reconsider sentencing" as to both Ben Zvi and Luiz, "including forfeiture as to Roz Ben Zvi, and [the] order of restitution." *Ben Zvi I*, 168 F.3d at 61. Thereafter, Luiz appealed from the new judgment entered against her following the *Ben Zvi I* remand and sought to challenge the underlying conviction on her unreversed count; we rejected that challenge because "[o]ur mandate in *Ben Zvi I*" was "unambiguously limited in scope" to sentencing and "cannot reasonably be construed to authorize consideration by the district judge of issues relating to the underlying merits of the conviction," *Luiz Ben Zvi*, 242 F.3d at 95. Accordingly, we held that the district court did not err on remand in Luiz's case in "not considering the timeliness of the wire fraud conspiracy charge, as authority to do so was lacking." *Id.* In Ben Zvi's case, as in Luiz's case, the district court on remand was limited to considering sentencing, including forfeiture and restitution. The authority granted to the district court under the mandate did not extend to considering whether the unreversed international money laundering counts were time-barred or whether Ben

Zvi's conviction on any unreversed count should be reversed for material false testimony.

We also reject Ben Zvi's argument that the mandate rule should not bar reconsideration of the merits of the two unreversed money laundering counts because the attorney who represented him in *Ben Zvi I* rendered ineffective assistance by failing to make the present statute-of-limitations challenge to those counts on that appeal. In order to succeed in that argument, Ben Zvi would have to show (a) that counsel's failure to advance the present contention in the initial appeal constituted professional performance that was below an objective standard of reasonableness, and (b) that if the contention had been advanced, the outcome of that appeal would likely have been different, *see Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He has not met either prong of this test. The pre-indictment stipulation into which Ben Zvi entered with the government may reasonably be read as precluding his present statute-of-limitations contention. The reasonableness of that interpretation means that Ben Zvi has shown neither that counsel's performance was deficient nor that those counts would likely have been reversed had the contention been raised.

We also reject Ben Zvi's argument that there was an absence of findings and evidence that he was a "leader" or "organizer" and that the district court thus erred in increasing his offense level pursuant to Guidelines § 3B1.1 based on his leadership role. The court found that his offenses involved at least four knowing participants and at least seven " 'unknowing' participants whose activities were *organized or led* by the defendant with specific criminal intent and [whose] services were peculiar and necessary to the criminal scheme," Memorandum and Order dated July 18, 2000, at 2 (emphasis added), and that the conspiracy and money laundering activity was "otherwise extensive," *id.* at 3 (internal quotation marks omitted). The court's findings were supported by the evidence at trial, which the court expressly credited; they were not "clearly erroneous," 18 U.S.C. § 3742(e); *see, e.g., United States v. Brinkworth,* 68 F.3d 633, 641 (2d Cir.1995); and they were sufficient to support the role adjustment.

Finally, we reject Ben Zvi's contention that the district court violated the principle of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or otherwise erred, in considering amounts alleged in the time-barred money laundering counts when calculating his sentence. *Apprendi* does not apply where, as here, the sentence imposed is below the statutory maximum. *See, e.g., United States v. Garcia,* 240 F.3d 180, 183 (2d Cir.), *cert. denied,* ─── U.S. ───, 121 S.Ct. 2615, 150 L.Ed.2d 769 (2001). And the sentencing court is required to take into account relevant conduct, *see* Guidelines § 1B1.3, which may include conduct for which prosecution is time-barred, *see United States v. Silkowski,* 32 F.3d 682, 688 (2d Cir.1994). We see no error in the court's calculation of Ben Zvi's sentence.

We have considered all of Ben Zvi's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.